[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner Percy Mejia brings this petition for Writ of Habeas Corpus by a corrected amended petition dated September 11, 1996. The Respondent's Return is dated September 6, 1996.
The Petitioner was convicted after a jury trial of the following offenses:
a) Murder in violation of Connecticut General Statutes §53a-54a(a).
b) Unlawful Possession of a Weapon in a Motor Vehicle in violation of Connecticut General Statutes § 29-38.
c) Carrying a Pistol without a Permit in violation of Connecticut General Statutes § 29-35 and
d) Unlawful Possession of a sawed off shotgun in violation of Connecticut General Statutes § 53a-211.
The Petitioner received a total effective sentence of forty-five CT Page 5495-DDDD years incarceration for these offenses. Said crimes were committed on March 12, 1991. The Petitioner has been incarcerated since the date of the offenses.
The Petitioner now claims that his Attorney, Susan Brown was ineffective in that:
a) she did not adequately prepare and present evidence in support of the Petitioner's defense of insulin shock during the course of trial; and
b) she did not adequately prepare and present evidence in support of mitigation of the Petitioner's conviction at the time of sentencing; and
c) she did not make reasonable efforts to confirm and ensure that his client the Petitioner fully and completely understood and appreciated the plea bargain offer.
The Petitioner testified that at the time of the murder he was suffering from diabetes and that the said diabetic condition was a factor in the way he reacted to the victim. The victim and the Petitioner had an argument which resulted in the Petitioner shooting the victim. The Petitioner stated he told his attorney that the shooting was an accident. During his testimony the Petitioner kept insisting that his diabetes was a factor in the killing of the victim. There was no evidence whatsoever presented during this hearing to substantiate this claim. The Petitioner testified that at times he stopped communicating with his attorney both before and after the trial because he did not trust her.
Attorney Susan Brown testified during this hearing. She stated she had the Petitioner examined by Doctor Carl Malchoff of the University of Connecticut Health Center relative to his diabetes. Doctor Malchoff concluded that neither the Petitioner's diabetes or his medications could have markedly influenced his behavior on or around the time of his arrest on March 12, 1991 (Exhibit 2). Attorney Brown also testified that she had the Petitioner evaluated psychiatrically by Doctor Donald Grayson relative to the offenses with which he was charged and convicted. After an examination of the Petitioner Doctor Grayson found that he was sane. Doctor Grayson stated in his report that in his opinion at the time of the shooting the Petitioner had the capacity to appreciate the wrongfulness of his behavior, but his over reaction to what he reportedly perceived to be a life threatening situation CT Page 5495-EEEE resulted in him being overwhelmed with fear and then exhibiting poor judgment and poor impulse control. (Exhibit 1). From the evidence presented at this hearing this court finds that Attorney Brown investigated every plausible defense the Petitioner could have offered to the charges against him. Attorney Brown was a very credible witness in the court's opinion.
Attorney Brown testified that when she informed the Petitioner that his diabetes would not constitute a defense he filed a motion with the court to dismiss her as his attorney. When this motion was denied the Petitioner stopped cooperating with her in the defense of his case. Attorney Brown then filed a motion to have the Petitioner examined for competency. This motion was granted and the Petitioner was found to be incompetent. He was sent to Whiting Forensic Institute in approximately May 1992 and remained there until August 1992 when he was found competent to go to trial. After he was convicted of the aforementioned charges he again stopped cooperating with Attorney Brown and she filed a second motion for a Competency examination of the Petitioner with the court. This motion was granted by the court and after a second competency examination the Petitioner was found competent. Prior to sentencing the Petitioner on the charges for which he was convicted he filed a grievance against Attorney Brown. As a result Attorney Brown did not represent the Petitioner at the sentencing hearing. It was testified to during this hearing that the policy of the Public Defender's office is that when a grievance is filed against a Public Defender by a client another Public Defender will take over the defense of that client's case. In this matter attorney Kenneth Simon represented the Petitioner at his sentencing. He testified he only received the Petitioner's file on the day of sentencing because a third Public Defender who was prepared to represent the Petitioner at the sentencing hearing had a family emergency that day and could not be present. Attorney Simon said he spent much time preparing for the Petitioner's sentencing hearing on the day of the hearing. He testified he talked to the trial Judge for quite some time about the case and he informed him he was not comfortable representing the Petitioner. Attorney Simon then saw the Petitioner and spoke with him. Attorney Simon testified that after he did all of the above preparation he had no reservations about representing the Petitioner at the Sentencing hearing. Attorney Simon testified he was aware that the Petitioner had undergone two competency evaluations, was abused as a child, and was an alcoholic. Attorney Simon was also aware that the Petitioner had a good work record for the ten years previous to March 12, 1991, the date of the crimes. CT Page 5495-FFFF Attorney Simon testified that he had no recollection of talking to Attorney Brown about the Petitioner's case on the day of sentencing.
After hearing the evidence the court finds that the Petitioner was adequately and effectively represented at his sentencing hearing. (See Exhibit B, pages 123 to 145).
Attorney Brown testified that the Petitioner's defense was that he did not have the specific intent to commit murder. She stated that the State offered a plea negotiation of a sentence of twenty-five years incarceration if the Petitioner plead guilty to murder. Attorney Brown testified that the Petitioner definitely knew if he went to trial he could be incarcerated for longer than twenty-five years. The Petitioner testified that Attorney Brown informed him that if he plead guilty to murder he would receive a sentence of twenty years incarceration. Then two months later according to him that offer was raised to twenty-five years incarceration for a plea of guilty to murder. The Petitioner said that Attorney Brown said he would serve nineteen to twenty years in jail on a twenty-five year sentence. The Petitioner testified that Attorney Brown told him he could get up to Seventy-Five years in jail if he was convicted of all the offenses with which he was charged. He testified he stated to her that anything over twenty years was a life sentence to him because of his age. The court finds that the Petitioner fully understood and appreciated the plea bargain that was offered to him by the state and the effect on him it would have if he choose to accept such an offer or reject the same.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner of Correction,222 Conn. 444, 455, 610 A.2d 598 (1992); Sekou v. Warden, 216 Conn. 678,690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v. Commissioner of Correction, supra;Hull v. Warden, 32 Conn. App. 170, 174, 628 A.2d 32 (1993); Sianov. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The CT Page 5495-GGGG petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v. Warden, supra; Hull v.Warden, supra; Copas v. Warden, supra, 683-84.
"`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (citations omitted; internal quotation marks omitted). Siano v. Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davisv. Warden, 32 Conn. App. 296, 301-303, 629 A.2d 440, cert. denied,227 Conn. 924, 632 A.2d 701 (1993). Johnson v. Commissioner ofCorrection, 36 Conn. App. 695, 701, 702 (1995).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations set forth in his Amended Petition dated September 11, 1996 or as to any other allegations that he put forth during this hearing. He has not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge